UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN REFUGE, LLC PLAINTIFF

V. CIVIL ACTION NO. 3:22-CV-637-KHJ-MTP

E. BRAD BONDURANT, individually,
and BOND ARCH, PLLC DEFENDANTS

ORDER

Before the Court is Plaintiff Southern Refuge, LLC's ("Southern Refuge") [15] Motion for Attorneys' Fees and Costs. For the following reasons, the Court grants the motion.

I. Background

This case arises from a contract dispute between Southern Refuge and Defendants E. Brad Bondurant and Bond Arch, PLLC ("Bond Arch"). Bondurant is the sole member of Bond Arch. Compl. [1] ¶ 3.

On March 1, 2022, Southern Refuge and Defendants entered a contract for Defendants to provide architectural work for an assisted-living facility. *Id.* ¶ 7. Defendants failed to perform, so Southern Refuge terminated the contract and demanded the return of their initial $58,000 payment. *Id.* ¶¶ 8–9.

The parties participated in mediation on October 4, and they entered into a settlement agreement in which Defendants agreed to pay Southern Refuge $10,000 in four monthly installments. *Id.* ¶¶ 11–14. The settlement agreement also provided

that if Defendants failed to timely make the required payments, Southern Refuge could recover the entire $58,000, plus interest and costs of collection. [1-1] ¶ 4. Notably, Southern Refuge agreed to pay the cost of mediation. *Id.* ¶ 5. Defendants' first payment was due on October 11, but they have made no payments. *Id.* ¶¶ 17, 19.

Southern Refuge sued Defendants on November 1, alleging breach of contract and claiming all damages allowed under the settlement agreement and post-judgment interest. *Id.* ¶¶ 24–27. On December 20, Southern Refuge moved for default judgment under Federal Rule of Civil Procedure 55. [11]. On January 30, 2023, the Court granted the motion. Order [13].

Southern Refuge now seeks attorneys' fees and costs under the terms of the settlement agreement. [1-1] at 1.

## II. Standard

When "a federal court has jurisdiction based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees." *Affordable Care, LLC v. JNM Off. Prop., LLC*, No. 1:19-CV-827, 2022 WL 3271092, at *3 (S.D. Miss. Aug. 10, 2022) (citing *Bank of La. v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542–43 (5th Cir. 2010)). Under Mississippi law, a contractual provision regarding the award of attorneys' fees must be enforced "when its terms are clear and unambiguous." *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007) (quoting *Hamilton v. Hopkins*, 834 So. 2d 695, 700 (Miss. 2003)). The "controlling factor" for calculating attorneys' fees is "what is

reasonable." *Tupelo Redev. Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 521 (Miss. 2007) (citation omitted).

To determine whether a fee is reasonable, Mississippi courts first consider "the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Id.* at 521–22 (quoting *BellSouth Pers. Commc'ns, LLC v. Bd. of Supervisors of Hinds Cnty.*, 912 So. 2d 436, 446–47 (Miss. 2005)). That total is known as the "lodestar rate." *See id.*

The Court then considers whether the lodestar rate should be reduced based on the Mississippi Rule of Professional Conduct 1.5(a)'s reasonableness factors, also known as the *McKee* factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing services; and
>
> (8) whether the fee is fixed or contingent.

Miss. R. Prof. Conduct 1.5(a); *see also McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).[1]

III. Analysis

Four attorneys and one paralegal from Butler Snow performed work for Southern Refuge. [15-1] at 3. Attorney Haley Gregory, one of the primary attorneys on the case, has 10 years of experience. *Id.* She billed 30 hours of work at an hourly rate of $345. *Id.* at 5–24. Attorney Brian Kimball has 21 years of experience. [15-1] at 3. He billed 15.6 hours of work at an hourly rate of $395. *Id.* at 5–24. *Id.* Attorney Sam Gregory has 10 years of experience. *Id.* at 3. He billed one hour of work at an hourly rate of $375. *Id.* at 18. Attorney Brianna Caldwell has less than one year of experience. *Id.* at 3. She billed 16.2 hours of work at an hourly rate of $255. *Id.* at 19–24. Paralegal Cindy Grantham billed 2.8 hours at an hourly rate of $230. *Id.* at 16–21. According to Butler Snow, the firm billed a total of $21,381.50 for this matter. [15-1] at 4. But the Court calculates a total of $21,662.00 when it multiplies the number of hours by the hourly rates provided by Butler Snow. The Court uses its own calculations to determine the lodestar rate.

The Court has reviewed Butler Snow's invoices and finds that it improperly included attorneys' fees incurred before the breach of the settlement agreement. The settlement agreement provided in part:

> Should [Bondurant] default on the payment of the full $10,000, then [it] is responsible for a total of $58,000, and

[1] There are some slight differences between Rule 1.5(a) and the *McKee* factors. But the Mississippi Supreme Court has noted that they are "strikingly similar" and the analysis is essentially the same. *See, e.g.*, *Tupelo Redevelopment Agency*, 972 So. 2d at 521.

> [Southern Refuge] will proceed with collection of the $58,000 . . . and [Bondurant] shall also be responsible for any cost of collection.

[1-1] ¶ 4 (emphasis added). That language suggests Southern Refuge would be entitled only to attorneys' fees resulting from actions taken to collect the $58,000 after Bondurant breached the settlement agreement. Under the terms of the settlement agreement, Southern Refuge is not entitled to the attorneys' fees and costs right before and including mediation. In fact, the settlement agreement expressly states that the "Claimant [i.e., Southern Refuge] will pay the cost of mediation." *Id.* ¶ 5. Accordingly, the Court will calculate the lodestar rate based on Butler Snow's hours billed after October 4, the date of the mediation. *See* [15-1] at 17–24.

After October 4, Haley Gregory billed 17.1 hours at $345 per hour; Brian Kimball billed 4.4 hours at $395 per hour; Sam Gregory billed 1 hour at $375 per hour; Brianna Caldwell billed 16.2 hours at $255 per hour; and Cindy Grantham billed 2.3 hours at $230 per hour. *See id.* The Court calculates the lodestar rate to be $12,672.50.

The reasonableness factors do not require the Court to adjust the lodestar rate. Although this case was relatively simply, it required substantial time and labor from Butler Snow's attorneys, including drafting and filing a complaint, moving for entry of default, and obtaining a default judgment. [15-1] at 4. Butler Snow's billable rates are similar to the rates charged by other lawyers in the region. *See, e.g.*, *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*,

2011 WL 6699447, at *7–12 (S.D. Miss. Dec. 21, 2011) (analyzing lawyer rates in Mississippi). Butler Snow obtained favorable results for Southern Refuge by obtaining a default judgment on its behalf. Finally, Butler Snow is a reputable law firm in the area, and Bryan Kimball, Haley Gregory, and Sam Gregory have substantial experience in the legal field. These factors, as well as the other relevant factors, support the reasonableness of Southern Refuge's attorneys' fees. The Court therefore awards Southern Refuge $12,672.50 in attorneys' fees.

Southern Refuge also seeks $621.20 for expenses its attorneys incurred. [15-1] at 4. These expenses consist of printing fees, filing fees, and the payment of process servers. [15-1] at 8, 21. Only $1.20 was from work done before mediation. *See* [15-1] at 8. The rest of the expenses are both reasonable and recoverable pursuant to the parties' settlement agreement. *See Sunbelt Rentals, Inc. v. Parish Corp.*, No. 1:20-CV-303, 2021 WL 538936, at *3 (S.D. Miss. Feb. 15, 2021) (concluding expenses totaling $662.50 reasonable). Accordingly, the Court awards Southern Refuge $620.00 in expenses.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Plaintiffs' [15] Motion for an Award of Attorneys' Fees and Costs is GRANTED. Southern Refuge, LLC is awarded $12,672.50 in attorneys' fees and $620.00 in expenses and costs.

SO ORDERED AND ADJUDGED this the 18th day of April, 2023.

s/*Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE